UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GREGORY HOLLAND, )
)
        Petitioner, )
)
v. ) No. 1:18-cv-00867-TWP-MPB
)
WARDEN, )
)
        Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

This matter is before the Court on the Petition for a writ of habeas corpus challenges a prison disciplinary proceeding identified as NCF 18-01-0029. For the reasons explained in this Entry, Mr. Holland's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 Fed. Appx. 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *see also Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011) (same for federal inmates).

### B. The Disciplinary Proceeding

On January 4, 2018, Mr. Holland was charged with offense B-202, possession of a controlled substance in case NCF 18-01-0029:

> On the above date and approximate time, I Officer Griswold conducted a random shakedown on Offender Holland, Gregory DOC #162169. Upon searching his box that had his I.D. and Mail that had his name and DOC # on them. In his possession I found an eye dropper bottle which contained a honey colored liquid substance. I took substance to Internal Affairs to test. Investigator B. Privett tested substance with a Nark II field testing kit. Test results came up positive for Synthetic Cannabinoids. Offender Holland, Gregory DOC #162129 was informed of this conduct report. End Report.

Dkt. 7-1. Pictures and the notice of confiscated property form were attached to the conduct report.

On January 5, 2018, Mr. Holland was provided with copies of the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). He was notified of his rights and pleaded not guilty. Dkt. 7-6; dkt. 7-7. Mr. Holland requested a lay advocate, and one was later appointed to him. Mr. Holland also requested "Horn" as a witness who would state, "the OFC said it was prayer oil." Dkt. 7-6. He also requested external testing to show it was prayer oil. *Id.*

On January 9, 2018, the disciplinary hearing officer (DHO) held a hearing in case NCF 18-01-0029. Dkt. 7-10. Mr. Holland pleaded not guilty and stated, "It is prayer oil, it was not in my box." *Id.* After considering staff reports, Mr. Holland's statement, evidence from witnesses, photographs, the SIR description, the email from Internal Affairs ("I.A."), and the confiscation slip, the DHO found Mr. Holland guilty of offense B-202, possession of a controlled substance. *Id.* Due to the seriousness and the nature of the offense and the degree to which it disrupted the security of the facility, the DHO imposed the following sanctions: disciplinary segregation (time served), 30 days loss of commissary and phone privileges, 90 days earned credit time deprivation, and demotion from credit class I to credit class II. *Id.*

Mr. Holland's appeals to the Facility Head and to the Appeal Review Officer were both

denied. Dkt. 7-11; dkt. 7-12.

**C.     Analysis**

Mr. Holland alleges that his due process rights were violated in the disciplinary proceeding. He alleges that 1) the substance should have been retested at an outside lab; 2) he does not believe that the substance tested was that which was confiscated from him because it took five hours to get to I.A.; 3) the substance confiscated from him was prayer oil; and 4) the prayer oil is used in his Christian religion and the Nark II test has regularly tested substances falsely as marijuana. Dkt. 1.

Mr. Holland first asserts that the denial of his request for outside lab testing violated his due process rights. Under these circumstances, Mr. Holland does not have the right to demand outside testing. *See Manley v. Butts,* 699 Fed. Appx. 574, 577 (7th Cir. 2017) ("Manley was not entitled to demand laboratory testing and publications about the reliability of the particular field test, just as the hearing officer implied by calling those demands unreasonable. Prison administrators are not obligated to create favorable evidence or produce evidence they do not have."). The DHO did not violate Mr. Holland's due process rights when he denied his request for outside testing.

For his third and fourth claims, Mr. Holland argues that the substance was prayer oil and that the Nark II test often results in false positives. He alleges that a study conducted in 2009 by the Marijuana Policy Project claimed that 42 non-marijuana substances were placed in the NARK II field testing kit and 70 percent tested positive. Dkt. 8-1 at 4. Nonetheless, the testing done by I.A. constituted "some evidence" sufficient to satisfy due process.

Mr. Holland's final claim challenges the chain of custody. He argues that the substance might not have been his because it took five (5) hours to get from his cell box to I.A.

"Administrative decisions resting on chemical analysis typically require both the test results and a chain of custody linking those results to the particular prisoner." *Ellison v. Zatecky,* 820 F.3d 271, 275 (7th Cir. 2016). The confiscating officer, however, explained the delay. He finished searching the cells on the entire unit before delivering the substance to I.A. Dkt. 7-13. There is no claim that the delay tainted the substance. In addition, the correct name and IDOC number are listed on all the evidence documentation and there is no discrepancy that would indicate that the eye dropper filled with a honey colored liquid confiscated from Mr. Holland's property box was not the same that was delivered to I.A. This chain of custody claim fails.

Mr. Holland was given proper notice and had an opportunity to defend the charge. The DHO provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Holland's due process rights.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Holland to the relief he seeks. Accordingly, Mr. Holland's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 1/25/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GREGORY HOLLAND
162169
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov